IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| C. SCOTT EVANS | § § | |
| VS. | § § | CIVIL ACTION NO. G-04-713 |
| ELIZABETH WHITLEY AND MID-ATLANTIC SOLUTIONS, INC. | § § § | |

## UNOPPOSED EMERGENCY MOTION FOR ISSUANCE OF DEPOSITION SUBPOENAS DUCES TECUM FOR U.S. CONSULATE IN MONTERREY, MEXICO

Pursuant to 28 U.S.C. § 1782 and Fed. R. Civ. P. 45 (b)(2), Defendants Elizabeth Whitley and Mid-Atlantic Solutions, Inc. move the Court for immediate issuance of Deposition Subpoenas Duces Tecum directed to U. S. Consulate officials in Monterrey, Mexico, and as grounds therefor show the following.

1. This is a libel case. Plaintiff C. Scott Evans ("Evans") is President of an organization known as the Federation of Employers and Workers of America ("FEWA"). *See* Complaint, at ¶ 7. Defendant Elizabeth Whitley ("Whitley") is President of Mid-Atlantic Solutions, Inc. ("MAS"). Both MAS and FEWA work with domestic U.S. employers to facilitate procurement of H-2B visas, which allow the employers to hire seasonal, non-agricultural migrant laborers.

2. Evans' Complaint alleges that Whitley and MAS libeled Evans by a July 21, 2004 letter which stated that Evans had been suspended from processing H-2B visas by the United States Consulate in Monterrey, Mexico. *See* Complaint, at ¶ 11.

3. It is undisputed that officials at the U.S. Consulate in Monterrey, Mexico did in fact suspend FEWA and its agents from visa activities for a sixty day period on May 6, 2004. The Consulate's letter to that effect is attached as Exhibit A, signed by Mr. Adam West, Director

*Defendants' Emergency Motion for Subpoenas Duces Tecum – Page 1 of 4*

of the H-2B Visa Program. Mr. West then sent a general notice to all H-2B visa agents and recruiters, placing them on notice that federal law prohibited so-called "trading" of H-2B visas between companies with surplus visa applications and companies whose petitions had not been approved. Mr. West's May 27, 2004 letter to that effect is attached as Exhibit B.

4. On information and belief, the U. S. Consulate then further extended FEWA's suspension until January 1, 2005. A copy of Mr. West's July 2, 2004 letter to that effect is attached as Exhibit C.

5. A critical issue in this case will thus be whether or not the defendants' statements about Evans are true. Literal truth of every statement is not required. It is sufficient if the challenged statements are substantially true, meaning that the alleged defamatory charge is no more harmful to the plaintiff's reputation than the true facts. If the "gist or sting" of the challenged statements is the same or less than the true facts, then the Court can disregard any variance with respect to items of secondary importance. *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990).

6. Discovery is therefore essential to learn what investigations of Mr. Evans and his company were undertaken by the U. S. Consulate in Monterrey, Mexico, and what findings or conclusions lead to the suspensions reflected on Exhibits A and C. On information and belief, the Consulate officials who are knowledgeable about these matters include the following:

>   Adam West, Director H-2B Program
>   Martha Melzow, Head of Consular Affairs
>   Denise Knapp, H-2B Visa Coordinator
>   Elizabeth Konick, H-2B Director

To the Defendants' knowledge and belief, all of these individuals are State Department foreign service officers and United States citizens. Affidavit of Elizabeth Whitley, Exhibit D.

7. Defendant Whitley has contacted one or more of these individuals by telephone and by email. The Consulate officials have advised Ms. Whitley that they are unable to release information or documents relating to Mr. Evans or his companies for privacy reasons. Affidavit of Elizabeth Whitley, Exhibit D. Obviously, by bringing this libel complaint, Mr. Evans has placed the facts of the Consular investigation in issue, and has waived any privacy concerns to the extent they exist.

8. The Consular officials have also advised Ms. Whitley that one or more of them are subject to imminent reassignment. Ms. Knapp is apparently due to be re-assigned to Iraq later in April 2005. Mr. West has advised that he may be re-assigned in the coming months. Affidavit of Elizabeth Whitley, Exhibit D.

9. Defendants therefore request that the Court authorize, on an emergency basis, immediate issuance of Deposition Subpoenas Duces Tecum for the Consular officials listed above, pursuant to Fed. R. Civ. P. 45 (b)(2) directing that they appear at the U.S. Consulate in Monterrey, Mexico no later than April 30, 2005, then and there to produce documents and records relating to the investigation and suspension of C. Scott Evans or his companies as reflected on Exhibits A, B and C attached hereto, and to testify regarding the facts of such investigations and suspensions, all as may be required in the interest of justice, and as authorized by 28 U.S.C. § 1783.

WHEREFORE, PREMISES CONSIDERED, Defendants Whitley and Mid-Atlantic Solutions, Inc. pray for an order authorizing the issuance and service of Deposition Subpoenas Duces Tecum as set forth above.

DATED and SERVED this 6th day of April, 2005.

                                          Respectfully submitted,

                                          *[signature]*
                                          William W. Ogden
                                          Fed. Tex. ID No. 2072
                                          Texas Bar No. 15228500

                                          Attorney-in-Charge for Defendants

OF COUNSEL:
OGDEN, GIBSON, WHITE,
  BROOCKS & LONGORIA, L.L.P.
Eric Cassidy
2100 South Pennzoil Tower
711 Louisiana
Houston, Texas 77002
(713) 844-3000
(713) 844-3030 (Facsimile)

## CERTIFICATE OF CONFERENCE

I certify that I conferred by telephone on April 5, 2005 with plaintiff's counsel, Mr. Christopher Byrd, regarding the foregoing motion, and he advised that plaintiff does not oppose the motion.

                                          *[signature]*
                                          William W. Ogden

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing Defendants' Emergency Motion for Issuance of Deposition Subpoenas Duces Tecum for U.S. Consulate in Monterrey, Mexico, has been served by facsimile transmission and by first class mail, on the 6th day of April, 2005, to the following:

Christopher W. Byrd
G.P. Hardy, III
Attorney at Law
1177 West Loop South, Ste. 700
Houston, Texas 77027

                                          *[signature]*
                                          William W. Ogden



**CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA
MONTERREY, N. L., MEXICO**

May 6, 2004

FEWA and Agents,

This letter is to advise you that effective Friday, May 7, 2004, your firm's activities at the US Consulate General in Monterrey have been suspended for a period of sixty days. This suspension is the result of an ongoing investigation into your firm's activities regarding visa processing here in Monterrey. While the Consulate remains committed to providing the best possible service to American businesses, it also takes very seriously its commitment to maintaining the standards mandated by US immigration law.

I would be happy to discuss this situation with you in more detail at your convenience.

Sincerely,

Adam West
Director, H2 Program
52-81-8345-2120 x461
WestAP@state.gov

**EXHIBIT "A"**

FEWA V WHITLEY 35
Plt Initial Disclosure docs



**CONSULATE GENERAL OF THE
UNITED STATES OF AMERICA
MONTERREY, N. L., MEXICO**

May 27, 2004

To all H2 agents and recruiters,

You are all no doubt aware of the fact that, due to the imposition of the H2B visa cap, many US-based employers have found that they cannot get approval for the workers they need. It has come to our attention that, in order to solve this problem, some recruiting agents are attempting to arrange "trades" between companies that have extra spaces on their approved petitions and companies whose petitions were not approved.

This practice is prohibited by law. We will deny visa applications in cases where "trading" is suspected, and will cease to work with any agent or recruiter found to be supporting this activity. Cases may also be referred to the Department of Homeland Security for possible investigation and prosecution.

Please direct any questions you have regarding this policy to myself or to Denise Knapp, Deputy Director of the H2 Program.

Sincerely,

Adam West
Director, H2 Program

**EXHIBIT "B"**

July 2, 2004

To FEWA and agents,

This letter is to inform you that, after consulting extensively with the Department of Consular Affairs as well as with other posts, the Consulate has decided to maintain the suspension of your firm's activities in effect until January 1, 2005. Barring any new revelations, we expect that your firm will be able to resume normal activities at that time.

The Consulate remains very concerned about the issue of visa "trading", as cited in our letter of May 27 and subsequent clarifications. We will continue to be vigilant against such activities in the coming fiscal year. In addition, we would like to emphasize the importance of open and transparent communication between firms that represent H2 workers and the H2 team at the Consulate.

Please feel free to contact me directly if you require further information.

Sincerely,


Adam West
Director, H2 Program

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| C. SCOTT EVANS | § § | |
| VS. | § § § | CIVIL ACTION NO. G-04-713 |
| ELIZABETH WHITLEY AND MID-ATLANTIC SOLUTIONS, INC. | § § | |

### AFFIDAVIT OF ELIZABETH WHITLEY

| | |
|---|---|
| STATE OF VIRGINIA | § § |
| COUNTY OF NELSON | § |

BEFORE ME, the undersigned authority, on this day, personally appeared Elizabeth Whitley, known to me to be the person whose name is subscribed below, who being by me first duly sworn, deposed and stated under oath as follows:

1. My name is Elizabeth Whitley. I am over the age of eighteen years, have never been convicted of a felony, and am fully competent and authorized to make this affidavit. I am President of Mid-Atlantic Solutions, Inc., a named defendant in this cause. I have personal knowledge of the facts stated herein.

2. After learning of Mr. Evans' Complaint in this cause, I contacted the U. S. Consulate in Monterrey, Mexico in an effort to obtain facts and documents regarding the Consulate's investigation of Mr. Evans and his company, the Federation of Employers and Workers of America ("FEWA"). I personally spoke with Mr. West, author of the letters attached as Exhibits A, B and C, and with Denise Knapp, a director of the H-2B program. Both Mr. West and Ms. Knapp told me that they could not release records of the investigation, or disclose details of the investigation, because of privacy regulations.

3. During these conversations Ms. Knapp also informed me that she was leaving the U.S. Consulate in Monterrey, Mexico in April 2005, and would be re-assigned in Iraq. Mr. West informed me that he would also be leaving the U.S. Consulate in Monterrey, Mexico and probably re-assigned within the next two or three months.

*Whitley Affidavit – Page 1 of 2*

EXHIBIT "D"

4.  It is my understanding that the Consular officials knowledgeable about the H-2B Visa programs include Mr. Adam West, Ms. Martha Melzow, Ms. Denise Knapp and Ms. Elizabeth Konick, all of whom are citizens of the United States.

Further Affiant sayeth not.

*Elizabeth Whitley*
Elizabeth Whitley

SWORN and SUBSCRIBED before me by Elizabeth Whitley, this 6TH day of April, 2005, to which witness my hand and seal of office.

Notary Public
In and for the State of Virginia
Comm. exp. 8-31-08

*Whitley Affidavit – Page 2 of 2*