United States Courts
Southern District of Texas
FILED
JUL 2 5 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| C. SCOTT EVANS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: G-04-713 |
| | § | |
| ELIZABETH WHITLEY AND | § | |
| MID-ATLANTIC SOLUTIONS, INC. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT, AND MOTION TO STRIKE

Plaintiff C. Scott Evans ("Plaintiff" or "Evans") files this Response to Defendants' Motion for Summary Judgment and Motion to Strike..

## I.
## INTRODUCTION

Defendants have filed a motion for summary judgment contending that the statements made by Defendants about Plaintiff are "substantially true" as a matter of law. For the reasons set forth below, this Court should deny the Motion.

## II.
## FACTS

This action arises out of the Federal H-2B Program. Under this Program, the federal government, through the Department of State, Department of Justice, and the Department of Labor, issues visas that allow foreign, non-agricultural workers to enter the United States to fill seasonal needs of U. S. employers that cannot be filled by domestic workers.

Defendants are engaged in the for-profit business of assisting employers in satisfying the eligibility requirements of the Program. Plaintiff serves as the President of the Federation of Employers and Workers of America ("FEWA"), a non-profit corporation which, among other matters, provides assistance to employers and workers in dealing with the H-2B Program.

In July 2004, Defendants distributed a letter to approximately 384 employers throughout the United States stating that Evans had engaged in the illegal sale or trading of visas, that Evans was using FEWA as a d/b/a for his for-profit company, and that Evans had been banned from crossing workers until 2005. None of the statements were true, substantially or otherwise.

Upon receiving notice of that letter, Evans demanded a retraction from Defendants, to which no response was made. Plaintiff then filed this action in state district court in Matagorda County, which was subsequently removed by Defendants to this Court.

## III.
## ARGUMENT AND AUTHORITIES

Defendants do not contend that the statements made by them about Evans in this July 21, 2004 letter, are literally true, apparently conceding for the purposes of this Motion that they are not. Instead, Defendants invoke the defense that the defamatory statement are "substantially true". Under the substantial truth doctrine:

> The test used in deciding whether the broadcast is substantially true involves consideration of whether the alleged defamatory statement was more damaging to [Plaintiff's] reputation, in the mind of the average listener, than a truthful statement would have been.

McIlvain v. Jacobs, 794 S.W.2d 14, 16 )Tex. 1990).[1]

A copy of Defendants' letter of July 21, 2004, is attached as Exhibit "C" to Defendants' Motion and is incorporated in this Response by reference. In this two-page letter, Defendants specifically defamed Evans as follows:

---

[1] McIlvain, like most of the cases cited by Defendants on this issue, seemed to be applying the substantial truth test in the context of a media defendant. 794 S.W.2d at 16 n.l. This particular limitation has generally passed unremarked. But see Walters v. Columbia/St. David's Healthcare System, L.P., 2005 Tex. App. Lexis 3999 (Tex. App. - Austin 2005, no. pet.) (not designated for publication).

> After the tragic events of 9-11 the US government began to pay close attention to all visa categories, especially the H-2 program.
>
> For example, the Immigration Enforcement and Control (ICE) authorities, the USDOL and State Department stepped up investigation of questionable practices involving the illegal sale or transfer of "excess visa capacity" - unused visas - this year. The US Consulate in Monterrey has suspended <u>one H2 agent, Scott Evans,</u> C. Scott, Inc. <u>(also doing business as Federation of Employers and Workers of America- FEWA) for these unsavory practices.</u> <u>He</u> is banned from crossing workers until 2005.

(Emphasis added.) None of the statements concerning Evans are true or substantially true. <u>See</u> Affidavit of C. Scott Evans filed herewith. First, Evans was not suspended by the US Consulate in Monterrey. Second, Evans had not participated in the unsavory practices of illegal sale of unused visas. Third, Evans was not doing business as FEWA.

In an attempt to avoid liability in this case, Defendants sanitize and re-characterize the defamatory statements in the letter.

> The "substance, gist or sting" of Ms. Whitley's letter is uncontroverted and succinctly stated: The U. S. Government has increased scrutiny on the transfer of excess H2-B visa capacity, the U.S. Consulate in Monterrey has suspended Scott Evans and FEWA for these practices, and the suspension will extend to 2005.

Defendants' Motion for Summary Judgment at ¶15.

This sanitized version, however, is not substantially true. Scott Evans was not suspended by the Monterrey Consulate in 2004 for the transfer of excess H-2B visa capacity. Further, Evans was not an H-2B agent for FEWA and he had not engaged in the sale or transfer of excess visas.

More important for present purposes, the "substance, gist or sting" of the July 21, 2004 is substantially different from the re-write by her counsel. The entire thrust of the letter is to accuse

3

Scott Evans personally with engaging in illegal acts, using FEWA apparently as a cover for his for-profit activities, and being personally suspended until 2005. The "sting" of what Defendants wrote is so false, pejorative, and personally directed at Evans as to be beyond the ability of their lawyer to rephrase it in a "substantially true" fashion.

None of the cases cited by Defendants are to the contrary. These cases either involve statements that were literally true, see, e.g., Washington v. Naylor Ind. Servs., Inc., 893 S.W.2d 309 (Tex. App. – Houston [1st Dist.] 1995, no writ), or incidental misstatements of fact that did not affect the over-all truth of the publication or broadcast. See, e.g., Simmons v. Ware, 920 S.W.2d 438 (Tex. App. – Amarillo 1996, no writ); Swate v. Schiffers, 975 S.W.2d 70 (Tex. App. – San Antonio 1998, pet. denied); Rogers v. Dallas Morning News, 889 S.W.2d 467 (Tex. App. – Dallas 1994, writ denied).

## IV.
## MOTION TO STRIKE

Although not referred to in the text of Defendants' Motion, the Affidavit of Elizabeth Whitley refers to a conversation she allegedly had with Adam West, an employee at the U.S. Consulate in Monterrey. See Whitley Affidavit at ¶6. Apparently, Defendants believe that the substance of this conversation supports their argument that their July 21, 2004 letter was substantially true. As is apparent, however, Ms. Whitley took a very large step from the information then available to her (the May 27, 2004 letter from West and the alleged conversation) to set forth the defamatory statements about Evans in her July 21, 2004 letter.[2] More important for present purposes, however, is that Ms. Whitley's recounting of her alleged conversation with Mr. West is clearly hearsay and should be stricken from the record.

---

[2] Attached to the Affidavit of C. Scott Evans is a copy of an exchange of e-mail communications between West and Brent Rees, Associate General Counsel of FEWA, in late July, 2004. In this correspondence, West expressly denies that the Monterrey Consulate has ever said that FEWA had engaged in the illegal sale of visas.

4

## V.
## CONCLUSION

> A libel is a defamation expressed in written or other graphic
> form that tends to blacken the memory of the dead or that
> tends to injure a living person's reputation and thereby
> expose the person to public hatred, contempt or ridicule,
> or financial injury or to impeach any person's honesty,
> integrity, virtue, or reputation or to publish the natural
> defects of anyone and thereby expose the person to
> public hatred, ridicule, or financial injury.

Tex. Civ. Prac. & Rem. Code §73,001. In the present case, Defendants have clearly defamed Evans. No attempt by their counsel to rephrase the defamatory statements can bring them within the substantial truth defense. Defendants' Motion, therefore should be denied.

Respectfully submitted,

*Christopher Byrd* (signature)

Christopher W. Byrd
TSB#: 03557500
1177 West Loop South, Ste. 700
Houston, Texas 77027
PHO: 832-681-2315
FAX: 713-759-9650

OF COUNSEL:
G. P. Hardy, III
TSB#: 08992000
1177 West Loop South, Suite 700
Houston, TX 77027
PHO: 713-222-0381
FAX: 713-759-9650              ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to Defendants' attorney-in-charge, by the undersigned, via certified mail, return receipt requested, facsimile, e-mail, or, by hand delivery, on this date, July 25, 2005.

*Christopher Byrd*
Christopher W. Byrd

# AFFIDAVIT OF C. SCOTT EVANS

**STATE OF TEXAS** §

**COUNTY OF MATAGORDA** §

BEFORE ME, the undersigned authority, personally appeared C. Scott Evans, who, upon his oath, stated as follows:

"1. My name is C. Scott Evans. I am over the age of twenty-one and am fully competent to make this Affidavit. All of the matters of fact set forth herein are within my personal knowledge and are true and correct.

2. I am President of the Federation of Employer and Worker of America ("FEWA"), a not-for-profit corporation established to provide educational, legislative information and other services to its members concerning the H-2B program. Prior to becoming President of FEWA in mid-2003, I owned C. Scott, Inc., which in part was a for-profit company providing services as an "agent" for various employers in the H-2B Program. C. Scott, Inc. ceased doing "agent" services business in June 2003. I continue to own and operate C. Scott, Inc./Rancho Encino, which operates a tree farm that participates in the H-2B program for it own workers.

3. At no time have I served as an agent on behalf of any third party in the H-2B Program since I became President of FEWA. I do process H-2B visa applications on behalf of my Rancho Encino tree farm company and have never been barred from the Consulate in Monterrey - in 2004 or otherwise - from processing H-2B applications for it.

4. In May and July 2004, FEWA received correspondence from Adam West, Director, H-2 Program, Monterrey Consulate, purporting to suspend "FEWA and Agents" from activities at the Monterrey Consulate initially for sixty days and, then, until year-end. Based on my prior experience with the H-2B program, I know that the term "agent" carries a special meaning and refers to those persons who have been specifically submitted and designated by a third party in writing to deal with the various agencies that administer the H-2B programs.

5. I am not an agent of FEWA with reference to the H-2B program with the US Consulate in Monterrey. I have not been designated as an agent under the H-2B program for FEWA or any of its members. The Monterrey Consulate maintains an official list of approved agents under the H-2B program. I was not on that list in 2004 and had not sought to be included. My job responsibilities do not include serving as such an agent. FEWA as a non-profit corporation is answerable to its members, of whom there were over 400 in 2004. I serve as President of FEWA at the pleasure of its Board of Directors, and ultimately, its members.

6.  Through its Associate General Counsel, FEWA attempted to determine the nature of the allegations that lead to FEWA's suspension set forth in the correspondence from Mr. West. Mr. West declined to provide any particulars. I have never been told or, understood that I personally was the subject of any suspension.

7.  I have never engaged in the illegal sale or transfer of "excess visa capacity". To my knowledge neither has FEWA. After receipt of Defendants' letter of July 21, 2004, the Associate General Counsel of FEWA corresponded with Mr. West by e-mail. A true and correct copy of that correspondence in tangible form is attached hereto. In this correspondence, Mr. West denied that he had ever accused FEWA of being involved in the illegal sale of visas.

8.  Neither I nor any company of mine, including C. Scott, Inc., has ever done business as FEWA. I have never held myself out as FEWA. The nature and function of FEWA has been widely publicized among participants in the H-2B program.

9.  The statements made by Defendants about me in this letter of July 21, 2004 are not true, substantially or otherwise."

C. SCOTT EVANS

SUBSCRIBED AND SWORN TO before me on this 15th day of July, 2005.

RITA B. ROMERO
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires 05-07-2007

NOTARY PUBLIC   in and for
The State of Texas
My Commission Expires: 05-07-07

2

Scott Evans

From: Brent A. Rees [rees@h2b-fewa.org]
Sent: Tuesday, August 03, 2004 12:07 PM
To: hinojosa@h2b-fewa.org
Cc: sevans@h2b-fewa.org
Subject: [Fwd: RE: suspension status]

-------- Original Message --------
Subject: RE: suspension status
From: "West, Adam P" <WestAP@state.gov>
Date: Tue, August 3, 2004 12:00 pm
To: "'Brent A. Rees'" <rees@h2b-fewa.org>
--------------------------------------------

Mr. Rees,

Regarding your requests:

- You are free to forward my previous reply (see below) to your members.
I do not see the need to create a formal letter explaining our position on this point.

- Consulate investigations into possible malfeasance by recruiters and petitioners are ongoing. While we have not been actively pursuing new information regarding the case of FEWA, we remain alert to any indications of continuing problems.

-----Original Message-----
Adam West
Director, H2 Program
US Consulate General, Monterrey, Mexico

1

From: Brent A. Rees [mailto:rees@h2b-fewa.org]
Sent: Thursday, July 29, 2004 10:47 AM
To: West, Adam P
Subject: RE: suspension status

Mr. West:

Thank you for the prompt reply.

As I mentioned, there is an H2 Program Agent who has indicated to us and our members that she was told by the U.S. Consulate in Monterrey that FEWA was engaging in this practice. If possible, we would like request a letter from your office, on your letterhead, simply stating that the Consulate has never accused FEWA of illegally selling visas. We intend to forward the letter to the agent and our members.

Also, you state in your letter dated July 2nd, 2004 that barring any new revelations you expect that FEWA will be able to resume normal activities on Jan. 1st, 2005. Does this mean your investigation of FEWA is still ongoing?

Cordially,

Brent Rees

> Mr. Rees,
>
> The Consulate has never used any language regarding
> FEWA's suspension other
> than that which appears in our letters to you dated
> May 6, 2004, and
> June 30, 2004. We have never accused FEWA of being
> involved in the
> "illegal sale"
> of visas.
>

FEWA V WHITLEY 32

Plt Initial Disclosure docs

2

> Adam West
> Director, H2 Program
> US Consulate General, Monterrey, Mexico
>
> -----Original Message-----
> From: Brent A. Rees [mailto:rees@h2b-fewa.org]
> Sent: Monday, July 26, 2004 3:57 PM
> To: West, Adam P
> Subject: RE: suspension status
>
> Mr. West:
>
> FEWA recently received a publication, which was
> .distributed by an H-2B
> "agent" to hundreds of companies, stating that FEWA
> has been suspended
> by the US Consulate in Monterrey for "the illegal
> sale" of unused visas.
>
> Can you confirm this?
>
> To our knowledge, this is not the basis of the
> suspension.
>
>
>
> Brent A. Rees, Esq.
> Association Counsel (Licensed in the State of MD)
> F.E.W.A.
> Tel: (410) 216-9123
> Fax: (410) 216-9124
>
>
> PROPRIETARY & CONFIDENTIAL: This communication is
> intended for the sole
> use of the addressee and may contain information that
> is priveleged,
> confidential and exempt from disclosure under
> applicable law. Any
> dissemination, distribution or duplication of this
> communication by
> someone
> other than the intended recipient is strictly
> prohibited. If you have
> received this communication in error, please notify
> the sender and

3

delete the original transmission.
>

Brent A. Rees, Esq.
Association Counsel (Licensed in the State of MD)
F.E.W.A.
Tel: (410) 216-9123
Fax: (410) 216-9124


PROPRIETARY & CONFIDENTIAL: This communication is
intended for the sole
use of the addressee and may contain information that
is priveleged,
confidential and exempt from disclosure under
applicable law. Any
dissemination, distribution or duplication of this
communication by
someone
other than the intended recipient is strictly
prohibited. If you have
received this communication in error, please notify
the sender and delete
the original transmission.


Brent A. Rees, Esq.
Association Counsel (Licensed in the State of MD)
F.E.W.A.
Tel: (410) 216-9123
Fax: (410) 216-9124

PROPRIETARY & CONFIDENTIAL: This communication is
intended for the sole
use of the addressee and may contain information that
is priveleged,
confidential and exempt from disclosure under
applicable law. Any
dissemination, distribution or duplication of this
communication by
someone
other than the intended recipient is strictly
prohibited. If you have
received this communication in error, please notify
the sender and delete
the original transmission.

4