**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| C. SCOTT EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-713 |
| | § | |
| ELIZABETH WHITLEY and MID-ATLANTIC | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
REQUEST FOR ORAL HEARING AND DENYING PLAINTIFF'S MOTION TO
STRIKE**

This libel case arises out of a letter sent by Elizabeth Whitley and Mid-Atlantic Solutions, Inc. (collectively, "Defendants") that contained allegedly defamatory statements about C. Scott Evans ("Plaintiff"). Now before the Court is Defendants' Motion for Summary Judgment. For the following reasons, Defendants' Motion is respectfully **DENIED**.

I. Background

Plaintiff is the president of a non-profit organization called Federation of Employers & Workers of America ("FEWA"). FEWA helps its employer members procure H-2B visas for non-agricultural seasonal workers. Mid-Atlantic Solutions, Inc. ("MAS") provides the same service. Elizabeth Whitley ("Whitley") is the president and owner of MAS. Whitley sent out a letter on behalf of MAS stating that Plaintiff had been personally suspended by the U.S. Consulate in Monterrey for

1

illegally selling visas and that Plaintiff was doing business as FEWA.  This letter went to all FEWA's employer members, including the 64 in Texas.  The general purpose of the letter was to solicit business for MAS.  The U.S. Consulate did suspend FEWA and its agents from all H-2B activity, first for 60 days, and then for about six months.  While the letters suspending FEWA mentioned the Consulate's concern with illegal selling or trading of visas, none accused FEWA of such practices, and in fact a Consulate employee confirmed to Plaintiff by e-mail that FEWA had never been formally accused of this.  The Consulate never suspended Plaintiff personally.  Plaintiff states that he did formerly operate a business similar to Defendants' business, and that he still processed H-2B applications on behalf of his own landscaping business, but he says that he did not process visas as part of his duties as president of FEWA.  Therefore, he argues, he was not included in the suspension of FEWA and its agents because he was not an H-2B agent for FEWA.

Plaintiff sued Defendants for libel in the 130th District Court of Matagorda County, Texas, and Defendants removed the case to this Court on December 8, 2004.  Defendants now move for summary judgment, arguing that the letter was true or substantially true.

II.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).  When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably

find for the plaintiff." *Id*. at 252, 106 S. Ct. at 2512. "[T]he plaintiff must present affirmative

evidence in order to defeat a properly supported motion for summary judgment." *Id*. at 257, 106 S.

Ct. at 2514; *see also Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Once

the moving party has shown that there are no issues of material fact, the nonmoving party must "go

beyond the pleadings" to show that a genuine issue exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994). "We do not, in the absence of any proof, assume that the nonmoving party

could or would prove the necessary facts." *Id.* The mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment.

*See Anderson,* 477 U.S. at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the

nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining

credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See*

*Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

III. Analysis

Defendants contend that the letter is true or substantially true, and this is an absolute defense

against Plaintiff's libel claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 73.005 (Vernon 2005);

*McIlvain v. Jacobs*, 794 S.W.2d 14, 15 (Tex. 1990). A statement is substantially true if it is no more

damaging "in the mind of the average listener, than a truthful statement would have been." *Id*. at 16.

Two major statements of fact appear in Whitley's letter: 1) the U.S. Consulate suspended

Scott Evans; and 2) the suspension was for illegal visa trading. Plaintiff has put forth more than a

scintilla of evidence that *he* was not suspended by the Consulate. He argues that in the context of H-

3

2B visa processing, "agent" does not mean anyone who is an agent of a company for any purpose, but someone who has been approved by the Consulate to deal with H-2B matters. As its president, Plaintiff was no doubt FEWA's agent in the general sense, but he was not necessarily an H-2B agent. The letters from the Consulate suspending FEWA and its agents never mention Plaintiff by name or by title. Whitley could have truthfully stated that the Consulate suspended FEWA, or FEWA and its agents. But to infer that Plaintiff himself was suspended from this activity requires a logical jump, and therefore the suspension letters from the Consulate do not prove the absolute truth of Whitley's statement.

In the mind of the average listener, a statement that the Consulate suspended Plaintiff personally may be far more damaging to Plaintiff than a statement that the Consulate suspended Plaintiff's employer. The latter statement does not necessarily imply malfeasance by Plaintiff himself. Falsely accusing a person of a crime is libel per se. *See Christy v. Stauffer Publications, Inc.*, 437 S.W.2d 814, 815 (Tex. 1969); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 238 (Tex. App.–Dallas 2000, writ denied). Genuine issues of material fact remain as to whether Whitley's statement that the Consulate suspended Plaintiff personally was true or substantially true. This is an issue best left to the trier of fact.

As to the second part of the statement, the letters from the Consulate to FEWA do discuss the problem of visa trading. Plaintiff has presented evidence that neither he nor FEWA were ever formally accused of those practices, but the letters from the Consulate certainly imply a connection between visa trading and the suspension. The Consulate must have suspected wrongdoing of some sort or they would not have suspended FEWA and its agents; the nature of the wrongdoing is unlikely to make much difference to the average listener. Because the Court finds for Plaintiff on other

4

grounds, though, it is not necessary to decide at this time whether Whitley's statement that the suspension was for visa trading was true or substantially true.

Because questions of material fact remain, the Court **DENIES** Defendants' Motion for Summary Judgment.  Nonetheless, the Court reminds Plaintiff that he must still show entitlement to damages.  When a statement is defamatory per se, the plaintiff may recover for damage to his reputation and for mental anguish, but actual damage must be shown as a basis for a monetary award. *See Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex. 2002).  Awards for non-economic damages may "only compensate[] the plaintiff for actual injuries."  *Id*. at 605.  If it is true that Plaintiff no longer acts as a procurer of H-2B visas except on behalf of his own landscaping company, the Court has a hard time seeing how Plaintiff has suffered any damages.  Plaintiff must also prove that Defendants acted negligently regarding the truth of the statement.  *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

IV.  Request for Oral Hearing and Motion to Strike

Defendants requested an oral hearing on their Motion for Summary Judgment.  Their main concern is the Court's acceptance of the certified copies of correspondence from the State Department,  which the Court ordered the State Department to produce in lieu of depositions of personnel from the U.S. Consulate in Monterrey.  The Court has relied on this correspondence in deciding the Motion for Summary Judgment, and the denial of the Motion is in no way based on any deficiency in the correspondence that could be corrected by deposition testimony.  Finally, this Court never holds hearings on dispositive motions.  The motions should be complete in themselves; if the movant believes they are deficient in some way, they should not have been filed.  Defendants' request for an oral hearing is therefore **DENIED**.

Plaintiff has moved to strike the portion of Whitley's affidavit that describes a conversation between Whitley and an employee of the U.S. Consulate. According to Whitley's affidavit, she found out about FEWA's suspension during this conversation. Plaintiff argues that this is hearsay, but the information was offered only to establish the timeline of events, not for the truth of statements. Therefore, the statements are not hearsay. *See* Fed. R. Evid. 801(c). Additionally, the Court did not rely on this information in ruling on the Motion for Summary Judgment. Plaintiff's Motion to Strike is **DENIED**.

V. Conclusion

Because a genuine issue of material fact remains as to the substantial truth of Whitley's statements, Defendants' Motion for Summary Judgment is hereby **DENIED**. Defendants' Request for an Oral Hearing is **DENIED**. Plaintiff's Motion to Strike is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 3rd day of August, 2005, at Galveston, Texas.

Samuel B. Kent
United States District Judge